J-S20032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ALBERTO ALFONSO MANCEBO :
:
Appellant : No. 64 MDA 2018

Appeal from the PCRA Order December 20, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003677-2010

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MAY 16, 2018**

Appellant, Alberto Alfonso Mancebo, appeals *pro se* from the order

entered in the Berks County Court of Common Pleas, which dismissed as

untimely his second petition for collateral relief (labeled a petition for writ of

*habeas corpus*), per the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A.

§§ 9541-9546. On February 1, 2011, a jury convicted Appellant of one count

each of delivery of a controlled substance and possession of a controlled

substance. The court sentenced Appellant on February 2, 2011, to 10 to 20

years' incarceration. After a remand for counsel to file a Pa.R.A.P. 1925(b)

statement, this Court affirmed the judgment of sentence on December 22,

2011; our Supreme Court denied allowance of appeal on May 10, 2012. **See**

**Commonwealth v. Mancebo**, 40 A.3d 201 (Pa.Super. 2011), *appeal denied*,

615 Pa. 791, 44 A.3d 1161 (2012). Appellant sought no further review, so

the judgment of sentence became final on August 8, 2012. Appellant filed his first PCRA petition on May 19, 2014; the court appointed counsel, who filed a no-merit letter per **Turner**/**Finley**[1] and a motion to withdraw as counsel. On October 31, 2014, the court issued notice of its intent to dismiss, per Pa.R.Crim.P. 907, and granted counsel's motion to withdraw. After Appellant filed a response to the Rule 907 notice on November 21, 2014, the court dismissed the petition as untimely on December 9, 2014. This Court dismissed Appellant's appeal on May 1, 2015, for failure to file a brief.

On April 15, 2016, Appellant filed the current *pro se* petition (labeled a petition for writ of *habeas corpus*), which the court properly treated as a second PCRA petition, because it raised issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). On November 20, 2017, the PCRA court issued Rule 907 notice of its intent to dismiss; Appellant responded on December 8, 2017. On December 20, 2017, the court dismissed the petition as untimely filed, with issues previously litigated. Appellant timely filed a notice of appeal on January 5, 2018, and a court-ordered concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), on January 25, 2018.

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment became final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the judgment of sentence became final on August 8, 2012, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on April 15, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). In the petition, Appellant assumes "*arguendo*" that he should have filed a PCRA petition, but that no exceptions apply, and a PCRA petition would be untimely in any event, which is why he styled his current petition as one for *habeas corpus* relief. In it, Appellant raises claims of cruel and unusual punishment along with complaints of ineffective assistance of prior counsel. Appellant also posits the PCRA, to the extent it supplants or subsumes the remedy of *habeas corpus*, is an unconstitutional infringement on the state right to that relief. The court dismissed the petition as untimely under the PCRA. The court further noted (1) Appellant's claims of ineffective assistance

of his prior counsel and his alleged language difficulties were raised in his prior PCRA petition; and (2) Appellant's court-ordered Rule 1925(b) statement was void for vagueness, so his claims are waived for appeal.  We conclude, the court properly dismissed Appellant's current petition as untimely.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/18